Willis Electric Company Good morning. May it please the Court. So neither one of you called our attention to our two earlier decisions in these other polygroup cases, which, while they're not precedential, they are binding as a matter of collateral estoppel. And my view would be that based on those earlier two decisions, that the only, they resolve the issues of the tree portion, they resolve the issue of Miller alone, and the only thing that's left here is the trunk connector issue. Do you agree with that? Absolutely. And, Your Honor, I apologize. I wrongly assumed that the Court would, there would be a connection there. In fact, our appellate briefing very much refers to the prior briefing, and I apologize. I didn't realize we should have filed notice of supplementary authority or something else to connect those dots. But you're absolutely correct. The prior decisions resolve the tree portion issue and the Miller alone issue. The only thing I'll add on Miller alone, you'll recall from our prior argument, Your Honor, asking some questions about which claims were specifically asserted with respect to Miller alone. And I don't, in preparing for today, I went back through the briefs, and I apologize again, lack of pure clarity. But I will say that Miller alone is asserted with respect to all 12, 16, 21, and 26. And so is this where we get into the question of whether, so Miller alone we would have to remand? Yes, Your Honor. But, so, I just want to drill down on what's remaining for us to have to decide. And is that the combination, I guess it would be an alternative for the Board to consider on that issue? Exactly right. So that's the only issue as to whether or not... Exactly right. And you're saying that the Board was right. The Board refused, said there was no motivation to combine those, right? They, essentially, yes. So even though you're here as the appellant, you really want us to, would want us to affirm that, no? So the Board rejected the proposed combination of Miller-Patry and Yang. And in doing so, we would like that reversed, because at least the claims I just mentioned, Miller alone is not asserted with respect to those. And if, when this is remanded, the Board needs to consider, we believe, Miller alone plus the combination of Miller, Yang, and Patry. And just for context, the 072 patent... Does the tree portion affect that latter question? The tree portion, you may recall, Willis predicated its entire argument on the fact that Miller doesn't teach a tree portion as they construed it. The Court rejected that construction that the Board had adopted below, and so that is why the Court is remanding so that the Board will consider Miller alone. Because Miller alone is a tree, getting back a little bit to the claim construction issue before, tree portion was construed previously to mean non-detachable branches. Miller doesn't teach that. The Board adopted that construction. This Court reversed that construction, so that has been remanded for, in the other case, consideration of Miller alone, based on the change in the tree portion construction. Counsel, you mentioned briefly, in an apology, that you didn't call our attention to the prior cases. I want to emphasize that's no small matter, and it's your duty to ensure, to the best you can, that the Court doesn't go down blind alleys and waste its time on Sincerely apologize, Your Honor. I think that's a comment that applies to both counsels. Both have an obligation to advise us of these cases. I, again, apologize and will certainly alert my team and all those who practice in front of Your Honors to make that clearer. I'm sorry for that, particularly if you wasted time. But the issues to that... I'm just trying to understand where we are here. If I understand correctly, this trunk connector argument applies to claims 12, 18, 25, 26, and 27. Am I right about that? I believe that's right. Okay. So, let's put that aside for the moment. With respect to the other claims, is it sufficient to bring about a remand that we've decided the tree portion construction contrary to the Board, and that we've decided Miller alone contrary to the Board, or do we need to decide something else? We need to decide this as well, because actually this... What is this? Whether the Board properly rejected the proposed combination of Miller, Yang, and Patry. And getting back to the tree connector element, the tree connector element is part of each of the independent claims, so it really affects all of the claims. And for context, what's really in dispute here is the 072 patent's claim of a tapered or multi-diameter connector between electrical connectors within trunk sections. That's all that's at issue here. Okay, let me ask you one more process issue. I understand, so a remand under our precedent is required for Miller, but you're saying that we also have to decide as an alternative if Miller doesn't work out when we remand it to the Board, whether or not the Board correctly concluded that there was no motivation to combine. Yes, Your Honor. And you're challenging that conclusion of no motivation to combine. Yes, Your Honor. Let me ask you, if we were to hypothetically agree with you with regard to the Board's error with respect to no motivation, does that end the case, therefore, and obviate the need to remand anything? Does that compel a reversal, or is there still a need to send the case back? We believe it would result in reversal because we think that the Board's conclusions are improper, but it could be remanded as well if it's remanded. So if we said, Board wrong, there was a motivation to combine these three references, isn't there more to be done or not? I don't believe there is. Okay, let me just move on to just quickly, on that question, you know, we've got a substantial evidence difference, and the Board at 22 and 23 made a bunch of findings with regards to the lack of motivation here. So how do you, even if we were to agree with you in the first instance, how do we dislodge that? There are at least three errors here, Your Honor. First, the Board failed to apply a proper KSR analysis. Second, it imposed a, and I'll get into that. I was just going to tell you what the three are. The second is they imposed a press fit or push-through limitation that's nowhere in the claims. And third, they basically relied on their own expertise in making factual conclusions that were not supported by anything in the record. So with respect to the KSR analysis, as you know, KSR says we should give an expansive and flexible approach to considering prior art. Here, the Board actually acknowledged that the POSA, in this instance, would be highly skilled. Counsel, we know what a POSA is, but it would be helpful to speak English. You're not saying a word count here. A person of ordinary skill in the art. Yes, Your Honor. Sorry about that. In this instance, it would be somebody with an electrical engineering degree or equivalent, experience in lighted artificial tree manufacturing design, so very skilled. And the problem here being addressed is relatively simple, how to stick tubular-shaped components inside other tubular-shaped components. Polygroup's expert here said there's only a finite number of ways of doing it. Glue, staples, you name it, among them are tapered or multidiameter connectors, very well known in the art. There was really no dispute as to that. But the Board here conducted its own analysis of the prior art, and it's really interesting if you look at the analysis section of the Board's conclusion, which is Joint Appendix 22 through 32. There are only two places where they cite to any evidence from Willis with respect to two minor points. They just consider the evidence and reject it over and over. And here they apply a distinction between tapered electrical connectors inside tubes as opposed to tapered connectors between tubes, a very close distinction that they don't explain, and they cite to no evidence to support that. So because they've identified no evidence to support that, that's inadequate under this Court's decisions in re nuvasive. In addition, Your Honors, to the second error I mentioned before was this press fit or push through limitation. A lot of their discussion is how the connectors need to have a press fit so they can prevent it from being pushed through the connector. There's nowhere in the claims any requirement like that. In fact, to the contrary, Independent Claims 1 and 25 merely require that the connector be engaging with the trunk walls. And, in fact, that word was added during prosecution to eliminate, secure. And then Independent Claim 11, it only says it needs to be housed within. So there's no requirement of a press fit or a push through requirement, but the Board applied that requirement in rejecting the prior art. And that was exactly what this Court faulted in the Belden v. Burtek case, which is cited in our papers, where the Board there also applied a limitation to the claim that didn't exist and used that to reject the prior art. Okay. And you're into your rebuttal, so why don't we hear from the other side? If I may, I'll just one more. I'll be quick. The third argument was that the Board relied on its own expertise, like I mentioned before, to evaluate the evidence. And as I mentioned before, the fact that I'm saying I mentioned it before means I've already said it, so I will reserve the rest of my time. Thank you. May it please the Court, I'm Marina Alton, and I'd like to also extend my apology for not bringing up the related case. It was, I think, an oversight. We understood that we had designated them related and didn't understand we should have filed something else. In those prior cases, it was all the Treat portion and Miller alone, right? I hope I can prevail upon you to argue against at least one of those concepts, Your Honor, and that is that the primary arguments that are made in a petition vary petition by petition. And so I think that because this is a different petition, the Court would have to do an independent analysis as to whether or not Miller alone was a primary argument that was raised. I looked at the petition, and it does exactly the same thing that the petition in the other case did in arguing Miller alone. And you should tell me if there's a difference, because I didn't see one. All right. I will tell you if there's a difference, Your Honor. Thank you for the invitation. I'll just go through a couple exemplary elements. The first difference that I would point to is, for example, at Appendix 194, and I won't walk you through each of the elements. But the claim language states the first end portion having an outside diameter greater than the outside diameter of the second end portion. And this just sort of refers to that Miller had conventional plug socket connectors, and they include first and second end portions without claiming that they meet the diameter limitations. And if you look at the incorporated material, it also doesn't reflect any argument related to the diameter limitations. And my recollection from the prior case is that each of the independent elements that was argued, there was at least an argument or a structure identified in Miller that met each of the claim limitations, whereas I think here that's not an accurate depiction of ---- It says Miller's conventional plug socket connectors include a first, second end portion. And that refers, cross-references other things. It simply says to the extent, Pat and I may allege, Miller does not teach a connectorless claim, blah, blah, blah. They go on. So they're arguing Miller alone there. But they don't point to anything for the change in diameter, is my point, Your Honor. And additionally, with respect to the ---- thank you for allowing me to prevail upon you with my argument. I can see how it's going. But also with respect to the dependent claims, the parenthetical where they indicate what they're ---- so, for example, at Appendix 206, what they're incorporating by reference, they say that they're explaining the Yang-Miller patchery is what they're incorporating, which I think means that this is a primary argument. And just to add one point, leaving that behind. Suppose we would reject your arguments that they didn't argue Miller alone properly here, and we find that they argued it just the way they did in the other cases. And so the tree portion construction is resolved based on the earlier cases. Miller alone is resolved based on the earlier cases. Where does that leave us? We have the trunk connector issue. Is that the only issue that's left? There's the trunk connector issue, and then I also ---- so he listed a number of claims. I think also Claim 5, which relates to a modular wiring assembly. That's on Appendix 229 to 235. So is that different from the argument your friend made that the one remaining issue is the combination? Are you saying there's another issue that has to be addressed here? Well, we have to address their argument on motivation to combine, I suppose, to affirm that. I was simply identifying the scope, I think, of the claims that would not be subject to remand based on Miller alone, which is what I thought the question was. I may have misunderstood it. Okay, I'm sorry. No, go ahead. So you're going to identify claims, but if they wouldn't be subject to Miller alone, would they be covered by a reversal or vacate of the Board's determination that there was no motivation to combine the other references? I don't believe so. There are three independent rationales that the court or the PTAB articulated in preserving the validity of the claims. I believe if those failed, we would still be remanded as to them to consider whether or not the asserted elements actually do meet those limitations. I'm confused. I'm sorry. I may have cut you off, and I apologize. Maybe it's my fault, but I don't know where or what we're talking about. I doubt that, Your Honor. Let's assume three portions governed by the earlier cases, Miller alone is governed by the earlier cases, and for the moment, hypothetically, we reject your argument about the trunk-connector claims. What's left that we have to decide? I may still be misunderstanding, but I think just the motivation to combine arguments that they've raised. Motivation to combine with respect to the trunk-connector or other motivations? With respect to the trunk-connector. So Miller-Yang-Patrick combination. I'm saying we find that the Board was wrong about rejecting a motivation to combine on the trunk-connector point. What's left? Is there anything left then? Other than the Miller alone ground? Nothing, Your Honor. Okay. All right. So the Miller alone is an alternative to the no motivation. So if we were to conclude there was a motivation, then there's nothing left of Miller alone, right, because this is an alternative. We did have some other arguments that weren't reached on claim construction related to, I think, lighted artificial tree and the meaning of joined. So I'm not sure that unless there were additional arguments made to the PTAB that were not reached on claim construction that I think would still potentially preserve the validity of the claims. I'm not sure if I'm answering your hypothetical question, and I apologize for that. Is that going to be the case with respect to the other cases we were talking about, our precedent here, the cases we've decided before this? Is claim construction? Are those cases going back to the board? Yes, they were remanded. Is it claim construction, you think? There are claim construction issues on the Miller alone ground, yes. But not on the motivation to combine the three references. So if we were to flip the board here on that one question, motivation on the three references, does that obviate the need to send it back for anything? No, because I think there are still then claim construction issues. Yes. Sorry. I understand. It's difficult to follow the hypothetical from my position. I'm sorry. I hate to keep beating a dead horse, but some of this confusion would have been avoided if you bothered both of you to submit 28 J letters telling us what the effect of the earlier cases was here. So why wasn't the board wrong on the motivation to combine with respect to the trunk connector? They said, oh, well, there's no motivation to combine. The prior art deals with tapered connections that didn't involve electrical connectors. But that's much too cramped a view of KSR, isn't it? I don't agree, Your Honor. I think that we articulated in our briefing to the PTAB the distinction between what the problem that the 072 seeks to solve, which is basically hosting electrical connections inside of a tree trunk and enabling them to be securely fastened such that a connection can be made, versus whether or not you're sticking two tubes together or something like that. I also note that it's, you know, of course, their burden to show that there is a motivation to combine, and all of the evidence that they submitted was carefully examined and rejected by the PTAB. But it was rejected solely on the grounds that the prior art just involved connecting tubes by tapered connections and that somehow the prior art was irrelevant because it didn't also involve an electrical connection, which was not part of this claim application. I disagree with that, Your Honor. They said that it taught a divergent path and that the types of forces and questions that APOSA is looking at or examining in the course of those references are different than the ones that were being addressed by the 072. They also addressed materially the difference in whether you have the same problems and concerns related to metal versus plastic components and whether or not there would be any manufacturing ease that would be accomplished by changing out, you know, one connector for another. I think that it was a pretty fulsome analysis of three different parts. With respect to whether or not the board actually relied solely upon its own expertise in reading of the prior art, I'd like to draw the court's attention briefly to the case of Durant-Nex, Inc., v. Apple, Inc., 665F Appendix 880. And that addressed fairly specifically the board's entitlement to rely upon its own review of the asserted references and also upon its understanding of the, you know, the problems that are being faced by the inventor. I also want to note that starting at Appendix 3500 through 3506, there is a lot of argument regarding the differing problems that were involved in connecting two poles versus affixing or securing electrical contacts set within a trunk portion. So the claim of the appellant has been that there was no argument or evidence submitted that supports the findings and conclusions of the board, but I would contest that. There was both testimony and argument submitted on those points. Also, with respect to the argument that counsel raised that the press fit and push through issues were not appropriately determined by the board, I would submit that those issues were actually raised by Poly Group itself in its petition. In its petition, in articulating what structures it was asserting against the patents, they referred to the Miller or the Patriot and Yang combined connector as being one that provides for a compression fit within the trunk portion. And the board acknowledged that because they're assessing the asserted prior art that allows for a compression fit, there was no rationale for differentiating between whether it's engaged or housed or was an interference fit-based connector in footnote 10 of their opinion. So after Poly Group put at issue, I mean, the implied understanding that the connector should be compressed or somehow fixed within the tube, that was simply adopted by all parties. We, as Willis Electric, argued that it related to a securely fit connector in a tree trunk portion, and that was also part of the board opinion. Thank you. Your Honors, I'll just make one very quick point. I disagree that Claim 5 would be, Miller was asserted with respect to Claim 5. I'm happy to answer any other questions that you all may have, but I feel like I owe you some time back, so I'm willing to give it now unless you have questions. We'll take it. Thank you. Thank you, Your Honors. Case is submitted. Thank both parties.